# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONSO LIZARRAGA RIOS,<br><br>        Petitioner,<br><br>  v.<br><br>ALBERTO GONZALES, et al.,<br><br>        Respondents. | 1:06-cv-0593-OWW-TAG HC<br><br>REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS FOR MOOTNESS (Doc. 8) |

    Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition alleges that Petitioner's continued violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment to the Constitution and is a violation of Respondent's statutory authority. (Doc. 1).

    Respondent has responded to the petition by requesting its dismissal because Petitioner was removed from the United States and, thus, released from the custody of the Bureau of Immigration and Customs Enforcement ("ICE") on May 31, 2006. (Doc. 8).

## DISCUSSION

    A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the

applicant's commitment or detention," 28 U.S.C. § 2242, and the petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989). If it may be conclusively determined from the face of the petition that petitioner is not entitled to relief on the grounds alleged, then the petition must be dismissed. Rule 4 of the Rules Governing § 2254 Cases[1]; Peterson v. Wilson, 373 F.2d 737, 738 (9th Cir.1967).

      Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

      In the instant case, Petitioner has been released from ICE custody, thereby rendering Petitioner's sole complaint in these proceedings–i.e., illegal detention--moot. There being no further relief that this Court can grant to Petitioner, the Court recommends that the Petition should be DISMISSED for failure to state a claim.

## RECOMMENDATION

      Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED as MOOT for failure to state a claim upon which relief can be granted .

      This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file

///

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 23, 2006**                                             **/s/ Theresa A. Goldner**
**j6eb3d**                                                                 UNITED STATES MAGISTRATE JUDGE